ROBINSON *v.* MEANS, JUDGE.

4-4331

Opinion delivered June 8, 1936.

*C. Floyd Huff, Jr., Gordon E. Young* and *Murphy & Wood,* for petitioners.

*Glover & Glover, Huie & Huie, F. D. Goza* and *Mc-Millan & McMillan,* for respondent.

BAKER, J. The petitioners seek a writ of prohibition to prevent the Hot Spring Circuit Court from proceeding with trial of a suit filed in that court against them by Barbara Bossinger and Juanita Hall and Mrs. Charles Hall on account of a collision or accident which occurred in Garland county, near the city of Hot Springs in November, 1935, wherein two of the plaintiffs were alleged to have been injured and the third, Mrs. Charles Hall, suffered a loss by damage to her automobile. Elmer Robinson, one of the defendants in that damage suit, and one of the petitioners here, was the driver of a taxicab that collided with the car belonging to Mrs. Hall. The taxicab business was conducted in or near the city of Hot Springs, though sometimes trips were made to nearby cities or towns, but this was not often done and that kind of business was not sought.

Service of summons was had upon Elmer Robinson, according to the record presented here, on the same day the suit was filed in the Hot Spring Circuit Court, December 30, 1935. Summons was issued at that time and delivered to the attorney filing the suit. Elmer Robinson and Mrs. Austeel did not reside in Hot Spring county, and neither could at that time have been found in that county. The attorney, however, delivered the summons for service to a deputy sheriff and directed him to go to Tigre Creek Bay in Hot Spring county and wait there, for Elmer Robinson would appear there within the next few hours. Later in the day the attorney who had delivered the writs to the deputy sheriff went to Tigre Creek Bay and had the deputy sheriff return to Malvern and advised him to wait at the Elite Cafe for Elmer Robinson, who would be at that place some time after dark. Definite instructions were that Robinson would be there between eight o'clock that night and two o'clock the next morning. One Kelly Hall, a near relative of one of the plaintiffs, on the same day, went to Hot Springs, in Garland county, where he, shortly after nightfall, called the taxicab office and talked with Elmer Robinson and asked to be carried by him in a taxicab to Malvern and agreed to pay and did pay for the service $6. Hall stated to Robinson that he was anxious to make

the trip at once as he had a "hot date" at Malvern, and when he reached the town of Malvern he invited Elmer Robinson into the cafe to get a sandwich and a glass of beer. After Robinson left the cafe and returned to the taxicab, ready to go back to Hot Springs, he was accosted by the deputy sheriff, who had watched for him at Tigre Creek Bay in the forenoon and who was still waiting for him at the Elite Cafe that night and who served the summons upon him. The service of this summons was for himself and Mrs. Austeel, who was later also served in Garland county.

The question raised here is whether the summons so served upon Elmer Robinson was good service.

A motion was filed in the circuit court alleging that Elmer Robinson had been inveigled by plaintiffs and their attorney, their kinsmen and agent, into making the trip to Hot Spring county for the sole purpose of getting service upon him at that point in order that the case might be tried in Hot Spring county, rather than in Garland county where both the defendants reside. The facts and circumstances in relation to the manner of procuring Robinson to make the trip to Hot Spring county is set out in detail in this motion. The plaintiffs, in response, have denied the material allegations of the motion. The petitioners offered, by way of proof, the testimony of the deputy sheriff, and of Elmer Robinson, and perhaps some other testimony; all of which may be said to be substantially in conformity to the allegations of the motion. The plaintiffs, although they denied the allegations set up in the motion, offered no proof contradicting the testimony offered by the petitioners.

The court, without making any declaration of his findings of fact, overruled the motion of the defendants who then filed their petition here alleging all the facts and setting up their theory of this alleged abuse of process whereby one of these defendants was induced to appear in a county other than that of their residence, and was therein served.

The briefs are rather strong in their denunciation of this method of securing the service of summons, and

briefs for respondent are highly commendatory of the vigilance and diligence of attorneys and officers in serving those sued who may be "found in the county" where the suit was filed.

The foregoing statement indicates, we think, with clearness that the question of properly invoking the jurisdiction of the circuit court is one that could be determined only upon matters of fact, proof of which must be offered in evidence in that court. In cases of that kind wherein jurisdiction depends upon the presentation or establishment of certain facts, then that question must be decided by the trial court, and even though he should decide wrong we are not at liberty to correct his error except on appeal. *Finley* v. *Moose*, 74 Ark. 217, 85 S. W. 238.

We said in *Arkansas Democrat* v. *Means*, 190 Ark. 948, 82 S. W. (2d) 256: "Where the court has jurisdiction over the subject-matter, and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy." *Order of Railway Conductors of America* v. *Bandy*, 177 Ark. 694, 8 S. W. (2d) 448. Not only has this rule been announced but upon reconsideration has been approved several times. *Equitable Life Assurance Society* v. *Mann*, 189 Ark. 751, 75 S. W. (2d) 322.

Probably in most instances the facts upon which jurisdiction may rest or be determined are controverted. In most other instances they might be controverted, that is to say, there is the possibility of the facts being disputed. In either event the matter is one that must be determined by the trial court, and in the proper exercise of the trial court's functions we do not interfere by prohibition. We might differ most seriously from the view taken by the trial court, but if we think the trial court erred, we can correct that only upon appeal.

We think the case of *Simms Oil Company* v. *Jones, Judge, ante* p. 189, 91 S. W. (2d) 258, is conclusive of questions raised here.

It is argued, however, that these petitioners, defendants, have no adequate remedy except by the issuance of

a writ of prohibition. That if required to answer and upon an adverse decision they appeal, they thereby enter their appearance although this court might hold the service bad.

The same argument was made in the case of *Chapman & Dewey Lbr. Co.* v. *Means*, 191 Ark. 1066, 88 S. W. (2d) 829, to the effect that in the event upon appeal it should be determined that the service was improper, by appealing the case defendants will have entered their appearance and it would then remain only to have the case remanded for a new trial, in a jurisdiction wherein they were strangers. Again we give warning, as indicated in the last-cited case, that the matter of entry of appearance by appeal from a judgment rendered upon improper or wrongful service is a matter that is being re-examined by this court.

This statement is not made as a promise of definite predetermined future action, nor to bind in any manner the future conduct of the court, but it has been thought proper to indicate to litigants and their counsel that it might be proper for them to take into consideration the fact that an empty victory might not be the full reward of establishing improper service, upon an appeal wherein all rights have been at every step preserved.

It must be recognized by all parties that abuse of process can be shown only by testimony as to the facts. Courts do not look with favor upon any form of trickery or chicanery. Any conduct smacking of such improprieties will properly be scrutinized with jealous caution to prevent successful perpetration.

The denial of the writ of prohibition here is no criticism or approval of any matter presented upon the motion to quash service of summons.

In accordance with the authorities the writ must be denied. It is so ordered.