CHARLES SKINNER v. MELVIN E. MAYFIELD, JUDGE

5-4848                                          439 S.W. 2d 651

Opinion Delivered April 21, 1969

*Brown, Compton, Prewett & Dickens* for petitioner.

*Shackleford & Shackleford* for respondent.

FRANK HOLT, Justice.    This controversy results from an annexation dispute.    In this original proceeding the petitioner seeks a writ of prohibition to restrain the respondent from entertaining appeals by certain citizens and taxpayers from a county court order which granted the annexation of a contiguous territory to the City of El Dorado.

The city's petition for the annexation, based upon prior approval of the qualified voters, was filed in the Union County Court on December 19, 1967.    The first order for annexation by the county court was made on January 29, 1968.    On April 19, 1968, the county court rendered a nunc pro tunc amendment to that order for annexation.    This corrected an erroneous description and excluded a small strip of land owned by the petitioner.    The objecting taxpayers first filed an affidavit for appeal as aggrieved parties on May 15, 1968, from the April nunc pro tunc order.    Then, on June 10, the taxpayers filed an affidavit for appeal as aggrieved parties from the January order for annexation.    Both appeals were granted by the Union County Court to the circuit court by orders dated May 15 and June 10, 1968, respectively.    The respondent, Union Circuit Court, Second Division, consolidated the appeals and denied petitioner's motion to dismiss the appeals and strike the affidavits for appeals.    Also denied was a similar motion by the City of El Dorado.    The petitioner asserts that unless the respondent circuit court is prohibited and restrained, it will entertain both appeals from the county court's order which annexed the contiguous territory to the City of El Dorado.    The petitioner contends that

neither appeal was timely filed because the appeals failed to comply with the thirty-day requirement as provided in Ark. Stat. Ann. § 19-307 (Repl. 1968). It is also petitioner's position that the nunc pro tunc order did not extend the thirty-day period and cites *Richardson* v. *Sallee,* 207 Ark. 915, 183 S.W. 2d 508 (1944) to that effect.

It is the taxpayers' (appellants from the county court order) position that both appeals were timely filed and that the county court's annexation order should be reversed and made to include the small strip of land which was excluded. They rely upon Ark. Stat. Ann. § 27-2001 (Supp. 1967) which provides that appeals are granted as a matter of right to the circuit court from all final orders or judgments of the county court at any time within six months. See, also *Pike* v. *City of Stuttgart,* 200 Ark. 1010, 142 S.W. 2d 233 (1940); *Jones* v. *Coffin,* 96 Ark. 332, 131 S.W. 873 (1910). It is argued that this particular statute is applicable in the case at bar because their appeals are not complaints to prevent annexation. To the contrary, the purpose of their appeals is to affirm the annexation of the entire contiguous area which, therefore, would include petitioner's lands.

It is, of course, settled law in our state that when a trial court is proceeding in a matter where it is entirely without jurisdiction, then the supreme court, in the exercise of its supervisory control, has the authority to prevent the unauthorized proceeding by the issuance of a writ of prohibition. *Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169, 229 S.W. 59 (1920); *Norton* v. *Hutchins, Chancellor,* 196 Ark. 856, 120 S.W. 2d 358 (1938). It is, however, a well established rule that the extraordinary writ of prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction unless the tribunal is wholly without jurisdiction or is threatening to act in excess of its jurisdiction. *Bassett* v. *Bourland,* 175 Ark. 271, 299 S.W. 14 (1927). A writ of prohibition will not lie where the jurisdiction of the

trial court depends upon a question of fact. *Coley* v. *Amsler, Judge on Exchange,* 226 Ark. 492, 290 S.W. 2d 840 (1956).

In the case at bar we are unable to determine from the meager transcript whether the litigants who appealed to the circuit court really had a grievance that could be presented by an appeal rather than by a separate complaint filed originally within thirty days, in the circuit court. Therefore, we are unable to say that the circuit court is without jurisdiction. Writ denied.

BYRD, J., concurs.