308

## WILLIAM PENN FRATERNAL Association
## *v.* Darrel HICKMAN, Chancery Judge

73-264                                        506 S.W. 2d 823

### Opinion delivered March 25, 1974

*Rose, Nash, Williamson, Carroll & Clay,* for petitioner.

*Pope, Pratt, Shamburger, Buffalo & Ross,* by: *Donald J. West,* for respondent.

CONLEY BYRD, Justice. By this proceeding petitioner William Penn Fraternal Association, organized under the laws of Pennsylvania, seeks to prohibit the respondent, Chancellor Darrell Hickman, from taking personal jurisdiction over it in a case filed by Doyle Nabors and Herbert J. Gray and in which a cross-complaint was filed by Nationwide Underwriters, Inc. Against William Penn. The complaint of Nabors and Gray alleges that they, as residents of Kentucky, had entered into a contract with Nationwide Underwriters, Inc., an Arkansas corporation, wherein they were to act as associate general insurance agents and that Nationwide Underwriters had failed to account for certain commissions then due. Petitioner was brought into the action on the theory that it was a party to and had approved the contract. Nationwide in its cross-complaint against petitioner alleged that petitioner had failed to perform the general agent's contract in certain instances with respect to persistency bonuses, first year commissions and renewal commissions allegedly due and sought an accounting from petitioner.

Nabors and Gray attempted to obtain service of process upon petitioner pursuant to the Uniform Interstate and International Procedure Act. Ark. Stat. Ann. § 27-2502(c) (Supp.

1973). Nationwide also attempted to obtain personal service upon petitioner under the Unauthorized Insurers Process Act. Ark. Stat. Ann. § 66-2905 (Repl. 1966). Upon a motion by petitioner to quash summons and a response thereto respondent held a hearing at which testimony was given. Upon the evidence presented respondent overruled the motion to quash.

Petitioner here relies upon *Hanson* v. *Dençkla,* 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283, contending that it did not have sufficient minimum contacts in Arkansas to support personal jurisdiction. Respondent on the other hand contends that the record shows sufficient contacts to satisfy the minimum requirements of due process. We do not reach the merits of the different contentions in this proceeding for we have consistently held that where the jurisdiction of the trial court depends upon a factual determination, a writ of prohibition will not lie. *Coley* v. *Amsler,* 226 Ark. 492, 290 S.W. 2d 840 (1956).

In *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S.W. 2d 98 (1936), Robinson contended that the service of process should be quashed because it was obtained by trick. In denying a writ of prohibition we said:

"... Where the court has jurisdiction over the subject-matter, and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy. . . ."

When the issue of service of process by trick was reached on its merits on appeal in *Robinson* v. *Bossinger,* 195 Ark. 445, 112 S.W. 2d 637 (1938), we reversed the trial court's refusal to quash the service.

Since the trial court's determination of jurisdiction was a factual issue under both the Uniform Interstate and International Procedure Act and the Unauthorized Insurers Process Act, it follows that the petition for writ of prohibition should be denied.

Writ denied.

HARRIS, C.J., dissents.