SPRINGDALE SCHOOL DISTRICT v. Paul JAMESON, Judge, Fourth Judicial Circuit, Second Division, Washington County

81-63                                    621 S.W. 2d 860

Supreme Court of Arkansas
Opinion delivered October 12, 1981

*Blair, Cypert, Waters & Roy,* for petitioner.

*Cearley, Gitchel, Mitchell & Bryant, P.A.,* by: *Robert M. Cearley, Jr.,* and *Steve Clark,* Atty. Gen., by: *R. B. Friedlander,* Asst. Atty. Gen., for respondent.

ROBERT H. DUDLEY, Justice. Michael Corso taught school in the Springdale School District for two years and his contract was not renewed the third year. He sought redress before the school board pursuant to the Teacher Fair Dismissal Act of 1979. Ark. Stat. Ann. §§ 80-1264 et seq. (Repl. 1980). His efforts before the school board were unsuccessful and he filed a "Notice of Appeal" in circuit court in which he alleged that the Springdale School District violated the Teacher Fair Dismissal Act of 1979, supra, and The Arkansas Teachers' Salary Law. Ark. Stat. Ann., Title 80, Chapter 13 (Repl. 1980). He asked for an order reinstating him to his job with back pay and costs. The Springdale School Board filed a motion to dismiss and, in the alternative, to transfer to chancery. The Circuit Judge, Honorable Paul Jameson, denied both motions. The School Board now petitions this court for a Writ of Prohibition to prevent the judge from exercising jurisdiction.

Prohibition is an extraordinary and discretionary writ which is not granted unless the petitioner is clearly entitled to it and the court against which it is sought is wholly without jurisdiction. *Arkansas State Highway Com'n.* v. *Roberts,* 248 Ark. 1005, 455 S.W. 2d 125 (1970). It is never

issued to prohibit an inferior court from erroneously exercising its jurisdiction, but is issued only where the inferior court is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. *Richards* v. *Maner, Judge,* 219 Ark. 112, 240 S.W. 2d 6 (1951). Jurisdiction is tested on the pleadings and not the proof. *Modern Laundry* v. *Dilley,* 111 Ark. 350, 163 S.W. 1197 (1914). The pleading alleges that the petitioner school board violated the Teacher Fair Dismissal Act of 1979 and the Teacher's Salary Law and, as a result, Michael Corso's teaching contract was wrongfully not renewed. We do not decide if those allegations are correct or true, rather we decide if the circuit court is wholly without jurisdiction to hear them.

The cause of action pleaded by Corso is for an alleged breach of a contract implied by law. The subject matter jurisdiction for breach of contract is cognizable in circuit court. The prayer for relief asks two remedies, reinstatement and back pay, and both are within the jurisdiction of circuit court. The prayer for reinstatement is in the nature of a petition for a writ of mandamus. Ark. Stat. Ann. § 33-102 (Repl. 1962). A writ of mandamus will issue whenever the directors of a school district fail or refuse to do an act which is plainly their duty to do. *Maddox, et al* v. *Neal, et al,* 45 Ark. 121 (1885). A mandamus action against a school board is cognizable in circuit court and not in chancery court. *Nethercutt* v. *Pulaski County Special School District,* 248 Ark. 143, 450 S.W. 2d 777 (1970). The prayer for back pay is for damages alleged to be the result of the breach of a contract implied by law. In the event the trial judge rules that Corso has stated a cause of action the school district may plead mitigation damages. *Maxwell* v. *Southside School District,* 273 Ark. 89, 618 S.W. 2d 148 (1981). We cannot hold that the circuit court is wholly without jurisdiction.

Petitioner argues that one of the statutes relied on does not apply, that the statute is unconstitutional and that the pleading filed by Corso does not conform to the Rules of Civil Procedure. We do not address those arguments, or other similar ones, as the trial court has jurisdiction over the subject matter and the trial court must try the case, not this

appellate court. The trial court's decision can then be tested on appeal.

Petitioner tacitly recognizes that this court repeatedly has said that prohibition cannot be used as a substitute for appeal. However, petitioner argues that appeal in this case will not provide an adequate remedy and therefore the writ ought to issue. Such an argument is based upon a misconception of prohibition and appeal. Appeal lies in every case. It is guaranteed by our Arkansas Constitution. Prohibition lies where appeal would be available, but inadequate, because a litigant is not bound to submit to the exercise of jurisdiction not authorized by law. The true test is whether or not the lower court is proceeding beyond its jurisdiction. *Monette Road Improvement District* v. *Dudley*, 144 Ark. 169, 222 S.W. 59 (1920). The trial court is not without jurisdiction.

Writ denied.