# WISCONSIN BRICK AND BLOCK CORP.
## *v.* John W. COLE, Judge

81-107                                           622 S.W. 2d 192

### Supreme Court of Arkansas
### Opinion delivered October 19, 1981

*Moses, McClellan & McDermott,* by: *Harry E. McDermott,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Rodney E. Slater,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Malvern Brick and Tile Company, an Arkansas corporation, filed suit against petitioner, Wisconsin Brick and Block Corporation, in Hot Spring County alleging breach of contract. Wisconsin Brick had been ordering brick from Malvern Brick for a twenty-year period and on this occasion either called or mailed in the order. The bricks were to be sent "F.O.B. plant, car" which meant that Malvern Brick completed performance of the contract when it loaded the bricks on a railroad car at its plant. When the bricks arrived at their destination Wisconsin Brick would not accept them because they were damaged. After Malvern Brick filed suit, Wisconsin Brick's attorney made a special appearance to deny personal jurisdiction. The Hot Spring circuit judge, respondent here, granted Wisconsin Brick's motion to dismiss. Malvern Brick then filed a motion for rehearing and, upon rehearing, the motion to quash service was denied. Wisconsin Brick then filed a petition for a writ of prohibition to prevent the circuit court from hearing the suit, alleging lack of personal jurisdiction.

Prohibition will not lie unless the trial court is clearly without jurisdiction or has clearly acted without authority and the petitioner is clearly entitled to such relief. *Karraz* v. *Taylor,* 259 Ark. 699, 535 S.W. 2d 840 (1976). The purpose of the writ is to prevent a court from exercising a power not authorized by law when there is no other adequate remedy available. *Streett* v. *Roberts,* 258 Ark. 839, 529 S.W. 2d 343 (1975). It is never issued to prohibit an inferior court from

erroneously exercising its jurisdiction but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction, *Richards* v. *Maner, Judge,* 219 Ark. 112, 240 S.W. 2d 6 (1951).

The personal jurisdiction of this cause of action turns upon whether the activities of Wisconsin Brick were sufficient to satisfy the "minimum contacts" test and whether these activities came within the Arkansas long-arm statute. Ark. Stat. Ann. § 27-2502 (C) (1) (a) (Repl. 1979) states that:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

(a) transacting any business in this State; . . .

The purpose of this section of the statute is to permit courts to exercise the maximum personal jurisdiction allowable by due process, and the statute should be liberally construed. In *Hawes Firearm Co.* v. *Roberts,* 263 Ark. 510, 565 S.W. 2d 620 (1978), this court noted:

A non-resident defendant filing a motion to dismiss or quash [on grounds that there are not sufficient contacts within the state] has the burden of going forward and offering proof to sustain the allegations of the motion. If the motion is denied, this does not mean that the plaintiff is relieved from establishing jurisdiction; it merely means that at this point in the proceedings a prima facie case of jurisdiction sufficient to take the cause to trial has been made.

Whether the "minimum contacts" test has been satisfied is a question of fact. In cases where jurisdiction depends upon the establishment of facts, the issue of jurisdiction must be decided by the trial court, and even if that decision should be wrong, we correct that error on appeal and not on prohibition. *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S.W. 2d 98 (1936).

Writ denied.