TUCKER ENTERPRISES, INC., d/b/a
MR. MOBILE HOMES and CENTURION HOMES
CORPORATIONS *v.* George F. HARTJE, Judge, et al

82-191 and 82-192                                        __ S.W.2d __

Supreme Court of Arkansas
Opinion delivered February 7, 1983
[Rehearing denied March 14, 1983.]

*Tom Forest Lovett, P.A.,* for petitioner Tucker Enterprises, Inc.

*Highsmith, Gregg, Hart & Farris,* by: *John C. Gregg,* for petitioner Centurion Homes Corporation.

*Stephen E. James, P.A.,* for respondents.

FRANK HOLT, Justice. These cases, which we consolidate, come to us on petitions for writs of prohibition. Petitioner Tucker Enterprises, Inc., is an Arkansas corporation with its place of business in Pulaski County, Arkansas. Petitioner Centurion Homes Corporation, which manufactures mobile homes, is a foreign corporation not qualified to do business in the State of Arkansas. The Lovettes, respondents, purchased from Tucker a mobile home manufactured by Centurion. Subsequently, the Lovettes filed a complaint against the petitioners in Van Buren Chancery Court, seeking a rescission of their contract and damages for breach of contract and warranties. Later, the Lovettes instituted an action against Tucker only in Pulaski Chancery Court seeking rescission and restitution. Tucker filed a third party complaint against Centurion. The Lovettes voluntarily dismissed these two actions with approval of the court but without written stipulation from the parties. Thereafter, the Lovettes instituted the present action in Van Buren Circuit Court against Tucker and Centurion seeking

damages based upon the allegations of breach of contract and tort of misrepresentation. Petitioners filed motions to quash service of process and dismiss the actions alleging lack of venue and, further, that the two dismissals by the Lovettes operated as an adjudication on the merits according to ARCP, Rule 41. That rule provides that a second voluntary dismissal by the plaintiff of an action based upon or including the same claim as the previous action "operates as an adjudication on the merits . . . . unless all parties agree by written stipulation that such dismissal is without prejudice." The respondent court denied the motions. Hence, these petitions for writs of prohibition.

Petitioners first argue that the two prior dismissals operated as an adjudication on the merits of the case, and thus writs of prohibition lie to prevent further litigation against them. It is well settled law in our state that when a trial court is proceeding in a matter where it is entirely without authority, the Supreme Court, in its exercise of supervisory control, has the authority to prevent the unauthorized proceeding by the issuance of a writ of prohibition. *Monette Road Improvement District* v. *Dudley,* 144 Ark. 169, 222 S.W. 59 (1920); and *Springdale School District* v. *Jameson, Judge,* 274 Ark. 78, 621 S.W.2d 860 (1981). However, the extraordinary writ of prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Skinner* v. *Mayfield,* 246 Ark. 741, 439 S.W.2d 651 (1969). Here, the petitioners' argument that the two prior dismissals operate as an adjudication on the merits constitutes an attack, not on the court's authority in this action, but on the correctness of its ruling with respect to the defense of *res judicata.* However, it is not the office of the writ of prohibition to test the correctness of the trial court's ruling on the defense of *res judicata. Robinson* v. *Merritt, Judge,* 229 Ark. 204, 314 S.W.2d 214 (1958). In *Harris Distributors, Inc.* v. *Marlin, Judge,* 220 Ark. 621, 249 S.W.2d 3 (1952), the writ of prohibition was sought because the defendant contended that liability had been discharged by a satisfaction of judgment. We denied the writ saying:

> In substance its motion to dismiss asserts only that it has a defense to the plaintiffs' cause of action. If

prohibition may be used to test the sufficiency of a defense, there is no reason why it could not also be used to review the trial court's action in overruling a demurrer to the complaint. Of course that is not the office of the writ. Petitioner's question must be raised by appeal . . . .

The rule is well summarized in 63 Am. Jur. 2d, Prohibition, § 33:

The fact that the defense of res judicata based on a decision in a former action is available in a second action involving the same issues does not deprive the court in which the second action is brought of jurisdiction to try the case again, so as to warrant the issuance of a writ of prohibition to prevent such court from proceeding with the suit, and the only remedy of the aggrieved party is to set up the res judicata plea as a defense in that suit and to appeal from an adverse decision therein.

To the same effect is Annot., 159 A.L.R. 1283, p. 1293 (1945).

Nevertheless, we do agree with the petitioner that the writs of prohibition should issue inasmuch as venue is not properly located in Van Buren County. The Lovettes argue that the proper place for venue is in the county of their residence, Van Buren County, pursuant to Ark. Stat. Ann. §§ 27-610 and 27-611 (Repl. 1979). We must disagree. Section 27-610 governs venue for actions for personal injury or death, which are not alleged here. Section 27-611 governs venue for actions asserting property damage due to force or violence, which also is not alleged. See *Beatty* v. *Ponder, Circuit Judge,* 278 Ark. 41, 642 S.W.2d 891 (1982). Here, the trial court ruled that since Centurion, a non-resident corporation subject to the long-arm statute, could be sued in Van Buren County, venue also would be proper over Tucker Enterprises, an Arkansas corporation with its principal place of business in Pulaski County. We rejected that argument in *Ozark Supply Co.* v. *Glass,* 261 Ark. 750, 552 S.W.2d 1 (1977), where we said:

We must disagree, however, with the appellant's contention that 'long-arm' service on a non-resident of this state is sufficient to fix venue so as to permit the 'dragging' of a resident from one county to another to defend that action.

Venue in this case is governed by § 27-613 which provides: "Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." Neither defendant resides or was summoned in Van Buren County. Venue in this case properly is in Pulaski County, where Tucker Enterprises has its principal place of business. This section is applicable to corporations. See *International Harvester Co.* v. *Brown*, 241 Ark. 452, 408 S.W.2d 504 (1966).

Additionally, Centurion Homes, which was served in Texas pursuant to our long-arm statute (Ark. Stat. Ann. § 27-2502 [Repl. 1979]), argues that a writ of prohibition should issue as to it because it does not have sufficient contacts with Arkansas to be subject to the jurisdiction of Arkansas courts. In the very recent case of *Wisc. Brick & Block Corp.* v. *Cole, Judge*, 274 Ark. 121, 622 S.W.2d 192 (1981), we said:

> Whether the "minimum contacts" test has been satisfied is a question of fact. In cases where jurisdiction depends upon the establishment of facts, the issue of jurisdiction must be decided by the trial court, and even if that decision should be wrong, we correct that error on appeal and not on prohibition. *Robinson* v. *Means, Judge*, 192 Ark. 816, 95 S.W.2d 98 (1936).

Writs granted.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I agree with the result but concur to point out that in my opinion the facts in this case, reflected by this record, seem tailor-made for ARCP, Rule 41. While prohibition is not a remedy available to the appellants, ARCP, Rule 41, would appear to be a defense.