PORTER FOODS, INC. *v.* Gerald BROWN, Circuit Judge, and Charles SWAFFORD

83-113                              661 S.W.2d 388

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Owens, McHaney & Calhoun*, by: *James M. McHaney* and *James M. McHaney, Jr.*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Curtis L. Nebben*, Asst. Atty. Gen., for respondent Brown, Judge.

*Branch & Thompson*, by: *James E. Goldie*, for respondent Swafford.

STEELE HAYS, Justice. This case comes to us on a petition for writ of prohibition. The respondent Charles Swafford filed a complaint against petitioner, Porter Foods, in Greene County, Arkansas, alleging breach of employment contract and breach of a stock purchase agreement. Summons was served on the president of Porter Foods in Pulaski County and also on Steve Mitchell, a sales representative for Porter Foods who resides and works in Greene County. Porter filed a motion to dismiss the complaint, contending that venue was governed by Ark. Stat. Ann. § 27-613[1], where the defendant resides or is summoned and

---

[1]§ 27-613. Other actions — County where defendant resides or is summoned. — Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned. [Civil Code, § 96; C. & M. Dig., § 1176; Pope's Dig., § 1398].

that venue was therefore proper only in Pulaski County. Swafford responded to the motion, contending that Porter Foods maintained a branch office or other place of business through Steve Mitchell, in Greene County, and venue was therefore proper in Greene County under Ark. Stat. Ann. § 27-347, which provides in part:

> Service on corporate agent at branch office. Any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where said corporation so keeps or maintains such office or place of business. . . .

Argument on the issue was held before the Honorable Gerald Brown, Circuit Judge, who held that venue was proper under Ark. Stat. Ann. § 27-347, and denied the motion to dismiss. From that order the petitioner brings this writ contending that venue is improper as a matter of law and that because there are no facts in dispute, writ of prohibition is the proper remedy. Although that is not an incorrect statement of the law, we disagree that it must govern the outcome of this case. Even when the facts may be said to be undisputed, if the weight to be given or the inferences to be drawn are such that conclusions may differ, prohibition is not the proper remedy.

Prohibition will not lie unless the trial court is clearly without jurisdiction or has acted without authority and the petitioner is unquestionably entitled to such relief. The purpose of the writ is to prevent a court from exercising a power not authorized by law when there is no other adequate remedy available. It is never issued to prohibit an inferior court from erroneously exercising its jurisdiction but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. *Wisc. Brick & Block Corp.* v. *Cole, Judge,* 274 Ark. 122, 622 S.W.2d 192 (1981).

Additionally we have held that where the court has jurisdiction over the subject matter and the question of its

jurisdiction of the person turns on some fact to be determined by the court, its decition that it has jurisdiction, if wrong, is in error and prohibition is not the remedy. *Byrd* v. *Taylor, Judge,* 224 Ark. 373, 273 S.W.2d 395 (1954). When jurisdiction depends on the establishment of facts or turns on facts which are in dispute the issue is one correctly determined by the trial court. *Wisc. Brick, supra; Twin City Lines, Inc.* v. *Cummings, Judge,* 212 Ark. 569, 206 S.W.2d 438 (1947). This does not necessarily mean that the evidentiary facts presented must be in dispute, but rather the legal effect of such facts is in controversy between the parties. A question of fact must be determined. *Twin City Lines, supra; Wisc. Brick, supra.* In *Arkansas Towing Co.* v. *Colvin, Judge,* 234 Ark. 908, 355 S.W.2d 287 (1962), the petitioner challenged the court's finding that it could be served under Ark. Stat. Ann. § 27-340, as a nonresident doing business in the state. We listed the facts presented to the trial court that supported each side of the question and stated: "It follows, therefore, from what has been said above that jurisdiction of the court was determined by contested facts in which case we have repeatedly held that prohibition will not lie." See also *Murry* v. *Maner,* 230 Ark. 132, 320 S.W.2d 940 (1959); *Finley* v. *Moose,* 74 Ark. 217 (1905). In contrast, in *Tucker Enterprises, Inc.* v. *Hartje, Judge,* 278 Ark. 320, 650 S.W.2d 559 (1983) we found venue improper and granted the writ. In that case however, the asserted venue simply involved no disputed fact on which jurisdiction turned nor were the actions on which venue was founded even alleged.

In the case at bar, the question decided by the court below involved a determination from facts presented, of whether or not the activities in Greene County constituted an "other place of business" under § 27-347 for which venue was proper. It is this type of jurisdictional factual dispute that is properly resolved by the trial court and not by this court on a writ of prohibition. Similarly, in *Wisc. Brick, supra,* the question of jurisdiction turned on whether the activities of the petitioner were sufficient to satisfy the "minimum contacts" test and whether these activities came within the Arkansas long-arm statute. The writ was denied in that case and we stated:

Whether the "minimum contacts" test has been satisfied is a question of fact. In cases where jurisdiction depends upon the establishment of facts, the issue of jurisdiction must be decided by the trial court, and even if that decision should be wrong, we correct that error on appeal and not on prohibition. *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S.W.2d 98 (1936).

Such was the determination made by the court below in this case.

The writit is denied.