Billy Joe ELLISON *v.* Honorable John LANGSTON

CR 86-102                                     718 S.W.2d 446

Supreme Court of Arkansas
Opinion delivered November 3, 1986

*William R. Simpson, Jr.*, Public Defender, by: *Arthur L. Allen*, Deputy Public Defender, for petitioner.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for respondent.

DARRELL HICKMAN, Justice. ■ Billy Joe Ellison seeks a writ to prohibit Circuit Judge John Langston from proceeding with the trial of criminal charges against him. The basis of the petition is alleged to be a violation of his constitutional right to a speedy trial, Ark. Const. Art. 2, § 10, and A.R.Cr.P. Rule 28.1 (c), which requires the trial be held within 18 months from the

date of arrest. This petition must be denied because the facts were not undisputed.

Ellison was charged in the North Little Rock Municipal Court with second degree forgery on September 13, 1983. He made bond for $2,000 and was released. The charges were bound over to circuit court and plea and arraignment was scheduled for April 9, 1984. Ellison failed to appear. The bond was forfeited and an arrest warrant for failure to appear was issued. Ellison was not served with this warrant until January 21, 1986. Trial on both charges was set for May 20, 1986. Ellison filed motions to dismiss the charges alleging the scheduled trial date fell outside the 18 month time period required by A.R.Cr.P. Rule 28.1 (c). Both motions were denied by the trial court. This petition was subsequently filed to prohibit the trial.

■ Undoubtedly, the trial was to be held outside 18 months from his initial arrest. But there was a question of whether Ellison was "unavailable" during the period of time from his release in the municipal court until he was served. A.R.Cr.P. Rule 28.3 (e) provides that in counting time to determine if a speedy trial is held, any delay caused by the absence or unavailability of the defendant will be excluded. A deputy sheriff testified that several attempts were made to serve the second warrant immediately after it was issued. The address Ellison gave the court was 3724 West 10th Street, Little Rock, Arkansas. The officer testified that another warrant officer spoke with Pamela Ellison, Ellison's sister-in-law, who lived at that address. She said she did not know Ellison's whereabouts. Mrs. Ellison denied making any statement to the officer and testified that to her knowledge she never talked to anyone from the sheriff's department concerning Ellison's whereabouts.

■■ We do not grant a writ of prohibition unless it is clearly warranted. The writ can be issued only in a case where there are no disputed facts. *Porter Foods, Inc.* v. *Brown, Judge*, 281 Ark. 148, 661 S.W.2d 388 (1983); *Miller* v. *Lofton*, 279 Ark. 461, 652 S.W.2d 627 (1983). Essentially, whether Ellison was "unavailable" because of his actions or conduct from the time of his arrest until he was served with the warrant in 1986 is a disputed question of fact. We, therefore, deny the writ.

Ellison is not precluded from questioning at his trial whether

he had notice to appear on April 9, 1984, for plea and arraignment. The state offered no proof that Ellison had been served with any notice of that hearing. Obviously, the state will have to prove some notice to convict him of the second charge.

Petition denied.