ARKANSAS COMMISSION OF POLLUTION
CONTROL AND ECOLOGY *v.* HUSKY INDUSTRIES,
INC.

87-49                                               737 S.W.2d 157

Supreme Court of Arkansas
Opinion delivered October 5, 1987

*Phillip Deisch,* for appellant.

*Walker, Campbell & Campbell,* by: *Gene C. Campbell,* for appellee.

DAVID NEWBERN, Justice. Husky Industries, Inc., applied for a variance from Department of Pollution Control and Ecology regulations applicable to emissions from its charcoal making kilns. A variance was granted by the department, but it was a lesser variance than the one Husky had sought.

Husky appealed the director's decision to the Arkansas Commission on Pollution Control and Ecology. Evidence was taken in a hearing before a department hearing examiner who made recommendations as to the order to be entered by the commission. The commission affirmed the director's decision and entered its order for the lesser variance.

Husky appealed that decision to the circuit court which reversed the commission and ordered the matter remanded to the commission which was directed to grant the variance originally sought by Husky. We hold the court erred by substituting its judgment for that of the commission and in exceeding the statutory limits upon its authority to review the commission's order, thus we reverse the court's order and remand for reinstatement of the ruling of the commission.

In the main sections of its variance request, Husky sought exemption from sections 3 and 4 of the Arkansas Air Pollution Control Code for its charcoal making facilities at Huntsville and Omaha, Arkansas. Section 3 prohibits installation, alteration, or replacement of equipment without first obtaining a permit from the department. Section 4 establishes visible emission limits of forty percent opacity for existing equipment and twenty percent opacity for new equipment. The request was that the existing kilns be exempt from section 4 and that Husky be allowed to replace its kilns and remain exempt unless the cost of replacement exceeded fifty percent of the replacement cost of the "existing facility," in which event smoke emission controls would have to be installed.

The commission's order required that Husky, within forty-five days, submit applications for permits, which it had never before obtained, for the kilns located at Huntsville and Omaha showing an estimated remaining life expectancy for each kiln so as to establish a date at which a replacement kiln would be built with the proper emission control. It also provided that any new kilns would have to have the controls required by law, but granted a two-year variance with respect to existing kilns, ending July 1, 1987. It then provided that at least one after burner or other approved control device would have to be provided each year at each facility until all kilns which had existed on the date the variance was granted were in control.

In its "Statement of the Case" preceding its "Finding of Facts and Order," the commission noted that, pursuant to Ark. Stat. Ann. § 82-1939 (Repl. 1976), it has the power to grant a variance "to protect the public health and welfare if it finds that strict compliance with such regulation is inappropriate . . . because strict compliance would result in substantial curtailment or closing down of a business. . . ." The commission noted further, however, that the section states the commission shall weigh the equities involved and the relative advantages and disadvantages to the residents and the occupation and activity affected.

Two of the commission's findings of fact were as follows:

11. The installation and operation of pollution control equipment would be an added cost to Husky's operation; however, it was not established that the cost of such equipment would make Husky's operations unprofitable.

12. Husky's facilities are significant in supporting employment in their areas although the evidence failed to establish reliably the actual extent of Husky's economic input into the community.

In its order reversing the commission's order, the circuit court cited the disputed evidence as to the extent of the noncompliance of Husky's kilns, and found that the evidence did not satisfactorily demonstrate that Husky's smoke emissions endangered the public health and welfare. The order noted the considerable testimony as to the economic hardship on the communities to be affected if Husky's operations at Huntsville and Omaha were discontinued. It also noted that the testimony of an official of the company had shown that the operations in question were of marginal profitability and would be closed due to the added costs of "full compliance." The final paragraph of the order was as follows:

The Court therefore believes that for the reasons stated, the Commission did not give proper consideration to the evidence of the economic impact that strict compliance would have upon the community and industry involved and, therefore, the Order and Findings of Fact of the Commission denying the Request for Variance of

Husky Industries, Inc., is reversed and remanded to the Commission with direction to enter an Order not inconsistent herewith granting the Request for Variance of Husky, Industries, Inc., as submitted.

The statute governing the circuit court's review of an order of the commission is Ark. Stat. Ann. § 82-1906, Subdivision 7. (d) (Supp. 1985). Subdivision 7. is entitled "Review on Appeal." Subsection (d) of that subdivision provides the circuit court may vacate the commission's decision:

. . . if the action of the Commission is:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the agency's statutory authority;

(3) made upon unlawful procedure;

(4) affected by other error or law;

(5) not supported by substantial evidence o[f] record; or

(6) arbitrary, capricious, or characterized by abuse o[f] discretion.

The trial court cited none of these as reasons for its decision in this case. While number (5) might be thought to be implicated because the court mentioned that the evidence was insufficient to show Husky's smoke emissions were a threat to the public health or welfare, it is clear and uncontested that Husky's kilns are not in compliance with the commission's regulation. Otherwise, presumably, Husky would have perceived no need for a variance. The court's finding that the commission "did not give proper consideration" to the threat to the economies of the communities involved posed by "strict compliance" is not a basis upon which review was permitted. Moreover, it is apparent that the commission did not require "strict compliance," and it gave substantial consideration to the hardship evidence, as it was the only basis for the substantial variance it granted to Husky in its order.

In *Arkansas Commission on Pollution Control & Ecology* v. *Land Developers, Inc.*, 284 Ark. 180, 680 S.W.2d 909 (1984), we held that, to the extent Subdivision 7. of the statute permitted de novo review of the commission's decisions, it was unconstitutional. That subdivision was amended by Act 284 of

1985 to restrict the review in the circuit court to the matters listed above. The review here clearly exceeded that statutory authority. We thus reverse and remand to the circuit court for reinstatement of the commission's order.

Reversed and remanded.