The WISE COMPANY, Inc., A Corporation *v.* CLAY CIRCUIT, Eastern District, Hon. Olan Parker, Jr., Judge

93-296                                      869 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered December 13, 1993
[Supplemental Opinion on Denial of Rehearing
January 24, 1994.]

*McDonnell Boyd*, by: *Donald R. Wellford* and *Sloan, Rubens & Peeples*, by: *Kent J. Rubens*, for petitioner.

*Kelley Webb* and *Bill Bristow, P.A.*, for respondents.

ROBERT L. BROWN, Justice. This is a request for a writ of prohibition to prevent the Clay County Circuit Court from exercising jurisdiction over a matter alleged to be within the exclusive jurisdiction of the Arkansas Workers' Compensation Commission. The petitioner, The Wise Corporation, is a Memphis-based corporation with plants located in Piggott and Rector. The corporation makes seats for boats. Mike Yon was the plant manager of the Piggott plant between 1986 and 1989 and commuted between the Piggott and Rector plants and acted as plant manager of both, beginning in 1989.

On October 2, 1991, four former employees of the Piggott plant — Joyce Burr, Della O'Dell, Denise Foster, and Nellie Butler —filed individual causes of action in a single complaint against Mike Yon and The Wise Corporation and asserted wrongful discharge as well as joint and several liability against the two defendants for the intentional infliction of emotional distress. The four women alleged that Mike Yon was abusive, demeaning, vulgar, and defamatory toward them, which rendered working conditions intolerable, and that he directed his abuse particularly toward women. Later, they filed an amended complaint, adding Linda Graves, also a former employee at the Piggott plant, as a plaintiff, who made similar allegations against the defendants and added an allegation of sexual harassment. All five plaintiffs prayed for compensatory and punitive damages.

The Wise Corporation filed a motion to dismiss the plaintiffs' complaint under Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief could be granted and stated in support of the motion that the plaintiffs' claims were exclusively covered by the Arkansas Workers' Compensation Act. The plaintiffs responded and attached supporting affidavits to their response. The Wise Corporation subsequently took the plaintiffs' depositions which the corporation submitted to the circuit judge in support of its motion to dismiss. The circuit court then treated the motion to dismiss as a motion for summary judgment, as provided under Ark. R. Civ. P. 12(b), and concluded that the affidavits and depositions raised a jury question. The motion was denied.

Rather than proceed to trial, The Wise Corporation next

filed its petition for writ of prohibition in this court on grounds that subject matter jurisdiction in this case exclusively lies in the Workers' Compensation Commission. It included the affidavits and depositions of the plaintiffs as part of the record accompanying the petition and abstracted them for our consideration. In addition, both in the briefs and at oral argument counsel for the corporation invited our review of the affidavits and depositions in our deliberations on the merits of prohibition.

It is axiomatic that in deciding whether prohibition will lie, we confine our review to the pleadings. *Pryor* v. *Hot Spring County Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990); *Springdale School Dist.* v. *Jameson*, 274 Ark. 78, 621 S.W.2d 860 (1981). Yet, here, The Wise Corporation urges us to go beyond the pleadings and has presented us with considerable factual information to weigh. Should we do as requested, we would be abandoning a cornerstone principle that in examining petitions for writ of prohibition, we limit our consideration of jurisdiction to the pleadings. We would also be treating a prohibition action much the same as a motion for summary judgment and accepting proof from the parties in support of respective positions. This we refuse to do.

Hence, what is before us in this petition for writ of prohibition is for all intents and purposes precisely what the trial court had before it on summary judgment. The affidavits and depositions of the plaintiffs are the same. And The Wise Corporation makes the same legal arguments. Though clothed in different raiment, the petition is essentially an appeal from a denial of a motion for summary judgment. We look to the substance of a pleading, not to its form. *See, e.g., Cornett* v. *Prather*, 293 Ark. 108, 737 S.W.2d 157 (1987). And we reiterate once more that we will not review denials of motions for summary judgment. *Daniels* v. *Colonial Ins. Co.*, 314 Ark. 49, 857 S.W.2d 162 (1993); *McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991).

It might be argued that irrespective of the manner in which The Wise Corporation has submitted this petition, we should as an alternative limit our consideration to the pleadings and reach the question of jurisdiction. But that is not the form in

which the corporation submitted this matter to us, and it would be unfair for us to review the case in a different posture than that submitted when the plaintiffs have not had an opportunity to argue the merits of jurisdiction solely in the context of their complaints. For that reason, we refrain from doing so.

Writ denied.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### JANUARY 24, 1994

Petition for Rehearing denied.

*McDonnell Boyd*, by: *Donald R. Wellford*; and *Sloan, Rubens & Peeples*, by: *Kent J. Rubens*, for appellant.

*Bill W. Bristow, P.A.*, and *Kelley Webb*, for appellee.

ROBERT L. BROWN, Justice. The Wise Company contends on rehearing that the decision in this case denying the writ of prohibition disregards Arkansas authority to the contrary. The corporation further argues that this court has reviewed petitions for writs of prohibition following a denial of summary judgment in the past and should do so in this case. It cites as authority *Hill* v. *Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993); *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987).

We repeat our longstanding rule that in prohibition cases we are limited to a consideration of the pleadings, not the proof, in determining whether jurisdiction in the trial court is

appropriate. We have made this abundantly clear. *See, e.g., Pryor* v. *Hot Spring County Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990); *see also* Ark. Sup. Ct. R. 6-1(a). A trial judge must know from the pleadings, not from evidence subsequently offered, whether a case is appropriately in that court. In *Hill* v. *Patterson, supra,* though a denial of summary judgment preceded the prohibition petition, we considered only the allegations in the pleadings in reaching our decision.

■ *Fore* v. *Circuit Court of Izard County, supra*, does contain dictum to the effect that the petition for writ of prohibition was comparable to an appeal from a summary judgment denial under the circumstances of that case. What is less clear in *Fore* is whether we limited ourselves to the pleadings in determining whether the matter rested exclusively with the Workers' Compensation Commission. In the wake of *Fore*, this court has clearly distanced itself from the overreaching language in that decision. *See Lupo* v. *Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). To the extent that *Fore* can still be read to sanction writs of prohibition based on information outside of the pleadings, such as affidavits and depositions, it is an aberration in our caselaw, and we overrule it.

The Wise Company requested that we go beyond the pleadings in deciding its petition for writ of prohibition and consider affidavits and depositions filed in connection with the original motion before the trial court and the response. We were invited, in effect, to treat the petition as an appeal from a denial of summary judgment. We emphasize once more that we will not do this. In prohibition matters, we are limited to the pleadings in testing jurisdiction.

The petition for rehearing is denied.