Chrisshannon BROWN *v.* STATE of Arkansas

CR 97-376 952 S.W.2d 673

Supreme Court of Arkansas
Opinion delivered October 16, 1997

*William R. Simpson, Jr.*, Public Defender, by: *Kent C. Krause*, Deputy Public Defender, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for respondent.

TOM GLAZE, Justice. Chrisshannon Brown petitions this court for a writ of prohibition against the Pulaski County Circuit Court, First Division, asserting that the court mistakenly denied her motion to dismiss for speedy-trial reasons. The circuit court denied Brown's motion, finding the trial delay was attributable to Brown's unavailability, which is excludable under Rule 28.3(e) of the Arkansas Rules of Criminal Procedure.[1]

The facts relevant to Brown's argument begin with her arrest on November 30, 1995, at a home located at 2606 South Arch Street, Little Rock. Brown's arrest resulted in her being charged with several drug crimes. When taken to the police department, Officer Subhash Wagh asked Brown where she lived, and Brown gave the South Arch Street address. In confirmation, Wagh read aloud the same address when he mirandized her. However, when signing the Miranda form, she listed a different address — 3006 Bermuda, Little Rock. Later, on November 30, Brown was released on $5,000.00 bond, and the bond papers reflected her address to be 2606 South Arch Street.

On May 29, 1996, the State filed its felony information against Brown, and set out Brown's address as 2606 South Arch Street. On June 29, 1996, the court mailed a notice to Brown at the South Arch Street address, directing her to appear for plea and

---

[1] Provision (e) provides as follows: The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial.

arraignment in circuit court on July 17, 1996. The letter was not returned to the court. When Brown failed to appear, as notified, on July 17, the court issued a warrant for her arrest. However, sometime after July 17, someone contacted the court's case coordinator, and as a result, the case coordinator placed Brown's plea and arraignment hearing back on the docket for July 31, 1996. No other notice was given to Brown, nevertheless she appeared on July 31. At that hearing, the court scheduled a jury trial for September 19, 1996.

When the September 19 trial date arrived, Brown's counsel informed the court that a conflict of interest had arisen between Brown and her co-defendant. Upon agreeing to sever Brown's and her co-defendant's cases, the court set separate dates for each. At that time, the court noted without objection that, for speedy-trial purposes, Brown's actions had tolled the thirteen-day period from July 17 to July 30. The court then set a new trial date for December 5, 1996.

Prior to the December 5 trial, Brown moved for dismissal on speedy-trial grounds, stating that the speedy-trial rule, Ark. R. Crim. P. 28, required that she be brought to trial within twelve months from the time of her arrest or be absolutely discharged. Because her December 5 trial date was six days past the twelve-month speedy-trial period, she asked that her case be dismissed. The court, however, excluded the thirteen-day period in July as it had previously ruled, and it denied Brown's motion. Brown then filed her petition for writ of prohibition in this court, and makes the same argument she made in circuit court, claiming the thirteen-day period should not have been excluded.

■ Prohibition is an extraordinary writ and is never raised to prohibit a trial court from erroneously exercising its jurisdiction, only where it is proposing to act in excess of its jurisdiction. *Rhodes v. Capehart,* 313 Ark. 16, 852 S.W.2d 118 (1993). The court has held Rule 28 is jurisdictional inasmuch as it requires a defendant to be brought to trial within twelve months or be absolutely discharged. *Id.* Even so, the court will not grant a writ of prohibition unless it is clearly warranted, and will only issue such a writ in a case where there are no disputed facts. *Ellison v. Lang-*

*ston*, 290 Ark. 238, 718 S.W.2d 446 (1986). Here, whether a writ should issue in this case rests upon a fact determination. Consequently, we dismiss Brown's petition with prejudice. We explain our decision more fully below.

Because Brown showed that her trial was scheduled to begin six days after the speedy-trial period had expired, the State conceded that it had the burden of showing any delay must have been the result of Brown's conduct. *See State v. McCann*, 313 Ark. 286, 853 S.W.2d 886 (1993). In addition, the State had the duty to show it had made a diligent, good-faith effort to bring the accused, Brown, to trial. *Chandler v. State*, 284 Ark. 560, 683 S.W.2d 928 (1985).

Undertaking its legal burdens, the State showed at the hearing on Brown's motion before the circuit court that, on June 29, 1996, the trial court's case coordinator had sent its notice addressed to Brown at 2606 South Arch Street, notifying her to appear at a plea and arraignment hearing on July 17, 1996. As the testimony developed at the hearing on Brown's dismissal motion, the circuit judge became quickly convinced that the State had exercised due diligence in its effort to bring Brown to trial. In this respect, the judge concluded that the State and the court's case coordinator had reasonably used the South Arch Street address to notify Brown of her July 17 hearing, since that address had been submitted by Brown, as it appeared on the felony information, her bond papers, and in the circuit clerk's office.

While Brown claims she had never received a notice of the initial July 17 hearing, the trial court, after considering her testimony and counsel's argument, simply did not believe her. For example, the trial court expressed its doubts concerning Brown's story when the trial judge expounded that he thought it strange that, after the court had issued a bench warrant for Brown's arrest for missing the July 17 hearing, someone later called on her behalf seeking another hearing. The trial court obviously concluded that Brown was not being completely forthright in contending she was unaware of the scheduled hearing. *See Allen v. State*, 327 Ark. 350, 939 S.W.2d 270 (1997) (holding that the appellate court does

not attempt to weigh the evidence or pass on the credibility of witnesses; that duty is left to the trier of fact).

■ Also, bearing on the issue of Brown's unavailability, she conceded to the trial court that she had moved on numerous occasions, and the proof showed that besides the Arch Street address, she had acquired others — 3006 Bermuda, 1005 Adams, 1020 Adams, and 804 Conner Avenue. The trial judge disagreed with Brown's suggestion that the State or the court must take the initiative to keep up with every move Brown made. And while Brown argues her addresses were known by and available from her probation officer, Sharon Beverly, Beverly's testimony was less than clear. In fact, nothing to which Beverly testified indicated where Brown lived when the court's July 17 hearing notice was mailed to her.[2]

In conclusion, whether Brown was available and whether the State exercised due diligence in this speedy-trial matter concerned fact questions to be decided by the trial court. Because disputed facts are integral to deciding this case, we decline to issue any writ of prohibition.

---

[2] Beverly did testify that Brown lived at 1020 Adams Street on June 14, 1996.