John W. WALKER *v.* SUPREME COURT OF ARKANSAS COMMITTEE ON PROFESSIONAL CONDUCT

81-158                                                          628 S.W. 2d 552

Supreme Court of Arkansas
Opinion delivered February 16, 1982
[Rehearing denied March 29, 1982.]

*John P. Sizemore, E. J. Ball,* and *Vashti O. Varnado,* for appellant.

*Winslow Drummond,* for appellee.

PER CURIAM. This appeal is brought before this Court

from a proceeding and determination of the Arkansas Supreme Court's Committee on Professional Conduct, involving the conduct of appellant, John W. Walker, who is a member of the bar of this state. Roosevelt Watson, the complainant, having been previously represented by the law firm of Kaplan & Walker, of which appellant was a member, allegedly engaged appellant to represent him in connection with an automobile accident which occurred on July 8, 1975. On July 12, 1980, Mr. Watson initiated proceedings before the Committee on Professional Conduct alleging that appellant failed to undertake any legal action on his behalf during the period permitted by the Statute of Limitations. On April 6, 1981, after hearing, the Committee determined appellant's conduct to be in violation of DR6-101 (A) (3) and DR6-102 (A). A Caution was accordingly given to appellant by the committee. This appeal was thereafter instituted by appellant, John W. Walker.

Appellant bases his appeal upon four points:

## I.

Appellant submits that he was deprived of procedural due process by being deprived of the right to participate in an inquiry by the committee addressed to this court regarding use of discovery procedures in proceedings before the committee.

## II.

Appellant further alleges that he was denied procedural due process by the failure of the committee to separate the adjudicatory and prosecutorial functions of its Executive Secretary.

## III.

Appellant further states that he was deprived of procedural due process when he was found to be in violation of DR6-102 (A) without having first been charged with such violation.

## IV.

Appellant lastly states that the finding that appellant's conduct was in violation of DR6-101 (A) (3) and DR6-102 (A) is not supported by a preponderance of the evidence presented before the committee.

The court will address each of these points in the order presented.

## I.

Appellant submits, in support of his first point, that the ex parte communication of the committee, through its Executive Secretary, and the response thereto by this court, constituted a proceeding before and a determination by this court of appellant's right to discovery procedures before the committee. Appellant cites, as supportive of his *right* to discovery, *Weems v. Supreme Court Committee on Professional Conduct*, 257 Ark. 673, 523 S.W. 2d 900 (1975). This court is unable to extrapolate from the principles of the *Weems* decision, *supra,* that any right to discovery exists in disciplinary proceedings before the Committee on Professional Conduct. Hearings before the Committee on Professional Conduct take neither the form of criminal nor civil trials. They are, for the most part, administrative proceedings carried out through an administrative agency of the court, to-wit: The Committee on Professional Conduct. The rules of procedure promulgated by this court make no provision therein for discovery in disciplinary proceedings. Discovery in such instances appears also to be unauthorized by the statutes of this state. This court feels compelled to establish such discovery procedures, as a matter of right, to proceedings of the Committee on Professional Conduct.

The record of this case does not reflect that appellant Walker was involved in the communication between this court and the Committee on Professional Conduct regarding discovery. This communication consisted of no more than administrative inquiry to the court by its own committee, seeking advice under the rule-making power of the court. Such action did not constitute a "proceeding" before

this court involving appellant and appellant's exclusion from such process could not deprive him of procedural due process. The action of the committee and this court was not one of adjudication, but was one of rule-making. *Supreme Court of Virginia, et. al.* v. *Consumers Union of the United States, et. al.,* 446 U.S. 719 (1980).

## II.

Appellant Walker submits, in support of his second point, that the Executive Secretary of the committee, Taylor Roberts, acted as "prosecutor" before the committee and was permitted to participate in the deliberations of the committee. He alleges this deprived him of procedural due process of law. Such a committee, with dual functions of prosecution and adjudication has been held constitutional. *Withrow* v. *Larkin,* 421 U.S. 35 (1975). The Executive Secretary did remain with the committee when it deliberated. But there is no evidence he participated or acted improperly in any way. The appellant has the burden of demonstrating that he was denied due process of law. *Omni Farms, Inc.* v. *Arkansas Power & Light Co.,* 270 Ark. 61, 607 S.W. 2d 363 (1980). He has not done so. The Executive Secretary should not have remained with the committee when it deliberated. No doubt this caveat will prevent such actions in the future.

## III.

It appears that appellant's argument is uncontroverted regarding the committee's finding that appellant's conduct was a violation of DR6-102 (A). The basic principles of procedural due process support appellant's entitlement to notice of any alleged violation of this rule. *In re Buffalo,* 390 U.S. 544 (1968). No notice of such charge appears to have been given appellant in advance of the proceeding and the finding of the committee in this respect cannot be permitted to stand. The finding of the committee regarding appel-

lant's violation of the provisions of DR6-102 (A) is, therefore, accordingly, vacated.

## IV.

Having disposed of the committee's finding that appellant's conduct constituted a violation of DR6-102 (A) upon the reasons hereinbefore stated, this court will consider appellant's fourth point only in light of the charge that his conduct was a violation of DR6-101 (A) (3).

Review of the transcript in this proceeding leads this court to conclude that the findings of the committee, whereby appellant has been found to be in violation of DR6-101 (A) (3), are supported by a preponderance of the evidence. The findings of the committee, in this respect, are not contrary to the weight of the evidence and must be affirmed. *Hurst* v. *Bar Rules Committee of the State of Arkansas,* 202 Ark. 1101, 155 S.W. 2d 697 (1941). This court is not unaware that "neglect", as set out in DR6-101 (A) (3), can be interpreted to mean any conduct ranging from a single act or omission to one of gross negligence which would support an action for malpractice. However, this court takes notice that the guidelines of this rule have been sufficiently established by its previous applications and review. The *Weems* case, *supra,* is illustrative of such. Any neglectful conduct of a member of this bar regarding the interests of a client is, in fact, contemplated as answerable under the provisions of DR6-101 (A) (3). That is not to say, however, that citations incommensurate with the degree of neglect involved under this rule will never be subject to review by this court. In the instant case it is argued by appellant Walker that his conduct falls far short of negligence which might be required to support an action for malpractice and he should not, therefore, be held accountable under the provisions of the rule. For the reasons aforesaid, this court is unable to be so persuaded. It is also to be noted that the citation levied by the committee was a "Caution" rather than a "Reprimand". We believe such action is not incommensurate with the neglect of appellant Walker as reflected by the evidence in this proceeding. The

findings of the committee in this respect will be undisturbed by this court.

With the exception of the modification of the finding as to appellant's violation of DR6-102 (A), the findings and decision of the Committee on Professional Conduct are affirmed.

Special Justice CLAUDE M. WILLIAMS, JR. joins in this opinion.

GEORGE ROSE SMITH, J., not participating.

DUDLEY, J., did not participate in the final decision.