James F. MILLER *v.* Floyd J. LOFTON, Judge,
et al

83-31                           652 S.W.2d 627

Supreme Court of Arkansas
Opinion delivered June 20, 1983

*Davidson, Horne, Hollingsworth, Arnold & Grobmyer,*
by: *Allan W. Horne;* and *Virginia R. Williams,* Rule XII
Law Student, for petitioner.

*Steve Clark,* Atty. Gen., by: *David L. Williams,* Deputy
Atty. Gen., for respondent.

DARRELL HICKMAN, Justice. James F. Miller is a
licensed bail bondsman and he filed this original action
with us seeking a writ of prohibition against six Pulaski
County judges. He asks that an order they entered on
November 1, 1982, be declared void and they be prohibited

from enforcing it. He also asks that an oral order entered by Judge Floyd Lofton, apparently denying a criminal defendant bail on a bond Miller had written for an appearance in Little Rock Municipal Court, also be declared void.

The petition concedes that the judges have some jurisdiction regarding bail but not to enter the order they did, which is a comprehensive local order concerning bail in their courts. It is argued that the Insurance Department has the sole power to license and regulate bail bondsmen in Arkansas by virtue of Act 400 of 1971. Furthermore, it is argued that Act 400 repealed by implication Act 268 of 1979 in which the General Assembly recognized that trial courts had authority to deal with bail and bail bondsmen. It is also stated Judge Lofton's order violates A.R.Cr.P., Rule 9.

We deny the petition for the writ of prohibition because it is not in order. A writ of prohibition is an extraordinary writ and is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *Webb* v. *Harrison,* 261 Ark. 279, 547 S.W.2d 748 (1977). The true test of whether appeal is an adequate remedy is answered in determining if the lower court is without jurisdiction. *Springdale School District* v. *Jameson,* 274 Ark. 78, 621 S.W.2d 860 (1981).

The order in question is quite sweeping, and obviously contains some questionable features, but we do not reach those features because prohibition is not the proper remedy in this case for several reasons. First, the trial judges do have some inherent jurisdiction and authority in the matter; second, the nature of the so-called oral order of Judge Lofton — at one point it is referred to as an explanation of the written order — is not exactly clear. The State does not concede such an "order" was given. Finally, to grant a writ of prohibition in this case we would have to determine exactly all of the jurisdiction and authority of the lower court judges in the matter of bail, reconcile Acts 268 and 400, or determine if the latter repealed the former by implication, rule on orders that have already been entered, and anticipate

all the questions that could arise from the broad order of the lower court judges.

These are the very reasons that a writ of prohibition, a narrow, extraordinary writ, should not be granted, even if part of the order is beyond the jurisdiction of the judges. Those questions can be properly raised on appeal.

Writ denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I agree with the law as stated in the majority opinion. However, I would consider the case on its merits and make a decision now rather than put the parties through the trouble and expense of an additional trial. As it now stands we will face the same situation when it next comes before us on appeal.