Jimmy HESTER *v.* John LANGSTON, Judge

88-82 . 759 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered November 14, 1988

88

*Gene Worsham*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an original action by the petitioner, Perry County Sheriff Jimmy Hester, asking this court to prohibit Circuit Judge John Langston from proceeding to trial upon an indictment returned against Hester by a Perry County grand jury. We granted a temporary writ of prohibition and required briefs pursuant to Rule 16 of the Rules of the Supreme Court and the Court of Appeals. Having considered the arguments we now dissolve the temporary writ of prohibition.

On December 17, 1987, a Perry County grand jury returned two indictments against petitioner, Sheriff Jimmy Hester. The first indictment charged Hester with violating Ark. Code Ann. § 14-14-1202 (1987), ethics for county government officers and employees. A jury subsequently found the petitioner not guilty on this indictment. The second indictment charged the petitioner with several violations including: (1) violation of county ordinance 0-209, the misuse of county funds; (2) violation of Ark. Code Ann. § 5-36-103 (1987), theft of property; (3) violation of Ark. Code Ann. § 5-54-121 (1987), tampering with a public record; and (4) violation of Ark. Code Ann. § 5-53-103 (1987), false swearing.

The petitioner filed a motion to dismiss the second indictment on the grounds that it was void and that it was barred by double jeopardy. Additionally, the petitioner asked for a jury trial which was denied by the trial judge. The motion to dismiss the indictment on the grounds that it was void was denied, but the trial judge did strike relevant paragraphs of the second indictment under the double jeopardy argument. We affirm the trial judge's rulings.

The writ of prohibition is an extraordinary writ and it should never be granted unless the petitioner is clearly entitled to relief and the court against which it is sought is wholly without

jurisdiction. *Miller* v. *Lofton*, 279 Ark. 461, 652 S.W.2d 627 (1983); *Springdale School District* v. *Jameson*, 274 Ark. 78, 621 S.W.2d 860 (1981); *Wade* v. *State*, 264 Ark. 320, 571 S.W.2d 231 (1978). The essence of the writ of prohibition is jurisdictional. The circuit court's jurisdiction over this matter is decisively stated in the Arkansas Constitution. Article 7, § 27 of the Arkansas Constitution provides:

> The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from officer for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.

Clearly from the language of this constitutional provision, the Perry County Circuit Court has jurisdiction upon presentment of the indictment to remove the petitioner, the county sheriff, from office. Jurisdiction is not an issue in this case, and thus the writ of prohibition is not appropriate.

■ The petitioner also argues that the trial judge acted beyond the scope of his jurisdiction in denying the request for a jury trial. However, we do not reach that argument by prohibition, as the remedy is by appeal. *McClendon* v. *Wood, Judge*, 125 Ark. 155, 188 S.W. 6 (1916).

Temporary Writ dissolved and the Writ of Prohibition denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I strongly disagree with the majority opinion as expressed in this case. The majority relies to some extent on the case of *McClendon* v. *Wood, Judge*, 125 Ark. 155, 188 S.W. 6 (1916). The holding in *McClendon* was that even if the circuit judge were erroneous in proceeding to try the mayor that the remedy was by appeal because the circuit court had jurisdiction of the case. The majority appears to adopt that reasoning in the present case. The majority opinion will result in a waste of the time of the jury and court personnel if this case should be reversed on appeal for lack of a jury trial or proper jurisdiction.

No court in the United States has jurisdiction to try a person

on a criminal charge without a jury. It is just as logical to say that the circuit court could proceed to try a person in a capital felony murder trial without a jury and that we would not issue prohibition because on appeal the matter could be corrected. Such a waste of time and money is inexcusable. In some cases the person wrongly tried may not have the money or otherwise be able to appeal his case. He has, of course, been denied equal justice, due process, and common ordinary decency.

Article 7, § 27 of the Arkansas Constitution is quoted in the majority opinion, but I will set it out again at this point for convenience of the reader:

> The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.

I agree that this language gives the circuit court jurisdiction to try a case upon presentment of an indictment to remove the county sheriff from office. However, nothing in that provision even hints that the court may try a person without a jury. Article 2, §7 of the Constitution of the State of Arkansas commences with the statement: "The right of trial by jury shall remain inviolate and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law; . . . ." Never before have I heard of any court expressing the opinion that a person was not entitled to a jury trial in a criminal matter. Since the case is to be tried upon a grand jury indictment, charging the sheriff with something which I do not understand, I presume it is criminal. An additional guarantee of the right to a jury trial is contained in Article 2, § 10, of the Arkansas Constitution: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed; . . . ." While I doubt that the sheriff would "enjoy" a jury trial, it seems to me that the majority could not be more wrong when it denies him a jury trial, even if we were to reverse on appeal.

Ark. Code Ann. §§ 21-12-301 and 21-12-302 (1987) concern suspension of county officers. One provision of these statutes

states, "Upon conviction of any such officer for an offense involving incompetency, corruption, gross immorality, criminal conduct amounting to a felony, malfeasance, misfeasance, or nonfeasance in office" the person shall be removed. If this plan is not to try Sheriff Hester upon a criminal charge, surely it must fall in the category of "incompetency, corruption, malfeasance, misfeasance or nonfeasance." If it is criminal or one of the last mentioned acts, then he is clearly entitled to a trial by jury.