Sam SEXTON, Jr. *v.* SUPREME COURT COMMITTEE
ON PROFESSIONAL CONDUCT

88-175                                          761 S.W.2d 602

Supreme Court of Arkansas
Decision rendered November 21, 1988
Opinion delivered December 12, 1988

*Howell, Price, Trice, Basham & Hope, P.A.,* by: *Dale Price,* for appellant.

*Steve Clark,* Att'y Gen., by: *R.B. Friedlander,* Solicitor General, for appellee.

ROBERT H. DUDLEY, Justice. Danny Haffelder filed a complaint with the Supreme Court Committee on Professional Conduct against Sam Sexton, Jr., a Fort Smith lawyer. The alleged misconduct took place in 1983 while the Code of Professional Responsibility was in effect. However, the Committee charged Sexton under the Model Rules of Professional Conduct, which were adopted in 1985, after the alleged misconduct had occurred. After a hearing, the Committee suspended Sexton's law license for one year. We reversed and remanded because Sexton was not charged under the rules in effect at the time of the alleged misconduct, but we stated that the Committee could proceed against him if he was properly charged. *Sexton v. Supreme Court Committee on Professional Conduct,* 295 Ark. 141, 747 S.W.2d 94 (1988).

The Committee then charged Sexton under DR-5-104(a) of the Code of Professional Responsibility. A hearing on the charge has been set for December 3, 1988.

Sexton, by prohibition, certiorari, or mandamus, asks us to order the Committee to follow the Standards for Lawyer Discipline and Disability Proceedings adopted by the American Bar Association; to order the Committee to deem requests for admissions admitted; and to order certain committee members to disqualify. We decline to issue a writ.

The Rules of Professional Conduct are the substantive rules governing the bar. These substantive rules are enforced by our Committee on Professional Conduct. The Committee's procedures and substantive powers are currently governed by our Rules Regulating Professional Conduct of Attorneys at Law, adopted by Per Curiam order, 285 Ark. 488, 687 S.W.2d 118 (1985).

Prior to the 1985 changes in these Rules, the Committee, by its own action, could only caution or reprimand an attorney. It could additionally proceed in circuit or chancery court to disbar an attorney. The Rules Regulating Professional Conduct then in existence provided for appeal from circuit or

chancery court action, but did not mention appeal from committee action. Even so, we allowed an appeal to this Court from a committee adjudication. *See Walker* v. *Supreme Court of Arkansas Committee on Professional Conduct*, 275 Ark. 158, 628 S.W.2d 552 (1982). In 1985, the Committee was given the added substantive powers of issuing a warning or suspending an attorney from practicing law. Again, we did not expressly state by rule that a right of appeal to this court existed after a warning or suspension by the Committee. Nevertheless, such a right does exist. *See Sexton* v. *Supreme Court Committee on Professional Conduct*, 295 Ark. 141, 747 S.W.2d 94 (1988). However, it may not be exercised in piecemeal fashion. In brief, the petitioner, Sexton, will have a right of appeal to this Court from any committee action.

The petitioner asks us by prohibition, certiorari, or mandamus to direct the Committee to comply with the American Bar Association Standards For Lawyer Discipline. A writ of prohibition is not the proper procedure in this situation, since it issues only when the lower court, or adjudicative committee, is wholly without jurisdiction. *See Miller* v. *Lofton, Judge*, 279 Ark. 461, 652 S.W.2d 627 (1983). The Committee clearly has jurisdiction over attorney disciplinary matters. *See Muhammed* v. *Arkansas Supreme Court Committee on Professional Conduct*, 291 Ark. 29, 722 S.W.2d 280 (1987). Likewise, mandamus is not the appropriate remedy. The purpose of a writ of mandamus is to enforce an established right or to compel the performance of a duty. *Gregg* v. *Hartwick*, 292 Ark. 528, 731 S.W.2d 766 (1987). It is not used to control the discretion of an official. Since this Court has not adopted by rule the American Bar's Standards For Lawyer Discipline, the Committee has discretion in the matter of whether it complies with the standards.

The writ of certiorari is issued to correct proceedings that are erroneous on the face of the record when there is no other adequate remedy. *Perry* v. *State*, 275 Ark. 170, 628 S.W.2d 304 (1982). The Committee's scheduled hearing is not erroneous on its face; thus, certiorari is not appropriate. None of these writs are issued when appeal will provide an adequate remedy.

The American Bar Association's standards are recommendations or guidelines from the Association for disciplinary proceedings. Some of the states have adopted them while others

have not. *See Survey of Lawyer Disciplinary Procedures in the United States*, prepared by the American Bar Association Center for Professional Responsibility (1984). Many states, like us, have their own rules. If our rules should deprive petitioner of some constitutional right, an appeal will provide an adequate remedy, just as it did in petitioner's last appeal.

Next, the petitioner argues that we should order the Committee to deem his requests for admissions as admitted. Again, an adequate remedy for this issue will be provided by appeal. This type of issue is regularly appealed. *See, e.g., B & J Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984).

Finally, petitioner asks us to order the committee members who participated in the original vote to suspend his license to disqualify from hearing this charge. Again, this is the type of issue which can be resolved on appeal. We regularly decide on appeal whether judges or jurors should be disqualified. *See e.g., Matthews* v. *Rodgers*, 279 Ark. 328, 651 S.W.2d 453 (1983).

The petition is denied.

PURTLE and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. My disagreement with the majority lies largely with how this court should deal with defects found in the court's rules that regulate proceedings concerning professional conduct of attorneys. In the proceeding now before us, it has become evident that some rather critical procedures have been omitted from this court's rules, and one of them involves the failure to provide for an appeal from a decision of the Supreme Court Committee on Professional Conduct.[1] Rather than immediately promulgating a rule to provide for an appeal, the majority seems to suggest a right of appeal is provided already because the court previously allowed such an appeal in *Walker* v. *Supreme Court Committee on Professional Conduct*, 275 Ark. 158, 628 S.W.2d 552 (1982). In *Walker*, no one raised the issue now before us, and I respectfully suggest the court is in error when it attempts to remedy this serious defect or void in the rules by

---

[1] Rule 8 provides for an appeal, but that appellate procedure is available only when the Committee elects to file a complaint against an attorney in chancery or circuit court. When that procedure is employed, either the Committee or the attorney may appeal the trial court's decision.

judicial fiat.

The majority's decision to provide, by case opinion, for an appeal in these matters leads it to establish still another rule by the same means. The majority further decides that the appellant may not exercise his right of appeal in piecemeal fashion. Again, there is no mention in the court's rules as to when an attorney can appeal because, as previously mentioned, there is no rule providing for an appeal. Actually, the court, by its opinion, has adopted a rule (position) similar to that provided in Ark. R. of App. P. 2, which requires a final order before an appeal can be taken.

In my view, this court should simply acknowledge the procedural voids that exist in its rules and promulgate rules to eliminate those problems. At the same time, the court should stay the proceedings in this case and decide those issues raised by the appellant. The appellant and the Committee could certainly use the guidance this court could afford them by the court's proper consideration and resolution of the legal issues raised here. Those unresolved issues will inevitably hover over the hearing now scheduled on December 3, 1988.

For the foregoing reasons, I would grant appellant's appeal and order a temporary stay of the proceedings below, so this court could fully resolve those questions raised in this cause.

PURTLE, J., joins this dissent.