JUDICIAL DISCIPLINE AND DISABILITY COMMISSION and James Badami, Its Director *v.* Tom DIGBY, Circuit Judge

90-143                                                      789 S.W.2d 731

Supreme Court of Arkansas
Opinion delivered May 25, 1990

*Steve Clark*, Att'y Gen., by: *Tom Gay*, Deputy Att'y Gen., for appellant.

*Rose Law Firm, A Professional Association*, by: *Phillip Carroll*, for appellee.

PER CURIAM. Petition for writ of prohibition and motion to expedite. Temporary stay granted. Expedited briefing schedule ordered. Petitioners brief due ten (10) days from today. Respondents will then have ten (10) days to respond and petitioners will have two (2) days for reply. The parties will brief the following

issues:

1. Can the commission be sued.

2. If the commission can be sued, what is the procedure.

HAYS and GLAZE, JJ., would deny the issuance of a writ of prohibition.

STEELE HAYS, Justice, dissenting. I can see no basis on which Ark. Code Ann. § 16-10-406 (Supp. 1989) can be rationally interpreted as bestowing immunity from suit on the Judicial Discipline and Disability Commission and its Director the purpose of which is to determine simply whether the commission is proceeding in accordance with applicable law and rules of procedure. The immunity statute clearly applies to the *members* of the commission, not the commission itself:

> Members of the commission, referees, commission counsel and staff shall be absolutely immune from suit for all conduct in the course of their official duties.

If the commission is immune from what is nothing more than suit for a declaratory judgment, then how is the law in this area to be resolved or shaped?

I would deny the writ and permit the hearing in the trial court, leaving the parties free to appeal. In that fashion the issues can be decided on a record which permits full development of the issues and includes a ruling by the trial court. That, I respectfully suggest, is how this case ought to proceed and all I can see resulting from a temporary stay is delay.

GLAZE, J., joins this dissent.

TOM GLAZE, Justice, dissenting. The majority apparently believes there is a genuine issue concerning whether the Arkansas Judicial Discipline and Disability Commission has immunity from suit. If it is immune, what control or review is there regarding the Commission's actions? Unless you can say this court has general superintending authority over the Commission, then no one reviews the Commission's actions.

No law has been cited indicating this court has general superintending authority over the commission and I know of none. Petitioner, citing *Walker* v. *Supreme Court Committee on*

*Professional Conduct*, 275 Ark. 158, 628 S.W.2d 552 (1982), claims the Commission, like this court's Committee on Professional Conduct, is an administrative arm of the Arkansas Supreme Court. Such an comparison is wrong. Unlike our various committees, the Commission is an independent body created by amendment 66 to the Arkansas Constitution by vote of the people.

Our court's sole authority regarding the Commission is limited to providing procedural rules for that body. In my view, it has not been shown that the Pulaski Circuit Court is without jurisdiction under the facts asserted by petitioner, therefore I would not grant a stay of the proceedings below or grant petitioner's request for a writ of prohibition.

The parties should properly develop this case below and bring it up on appeal. At trial and on appeal, there are safeguards the parties can invoke so as to protect their respective rights, including any claims of confidentiality.

For the reasons above, I dissent. JUSTICE HAYS joins in this dissent.