Sam SEXTON, Jr. *v* James A. NEAL,
Executive Director of the Arkansas Supreme
Court Committee on Professional Conduct

90-348                                              803 S.W.2d 928

Supreme Court of Arkansas
Opinion delivered February 25, 1991

*Sam Sexton, Jr.,* pro se.

*Winston Bryant,* Att'y Gen., by: *R.B. Friedlander,* Solicitor Gen., for appellee.

DONALD L. CORBIN, Justice. This is the fourth appeal which appellant, Sam Sexton, Jr., has made from the order of the Arkansas Supreme Court Committee on Professional Conduct. Mr. Sexton's previous appearances are styled as: *Sexton* v. *Supreme Court Comm. on Professional Conduct,* 299 Ark. 439, 774 S.W.2d 114 (1989), *cert. denied,* 110 S. Ct. 1782 (1990), [case number 89-73]; *Sexton* v. *Supreme Court Comm. on*

*Professional Conduct*, 297 Ark. 154A, 761 S.W.2d 602 (1988) [case number 88-175]; *Sexton* v. *Supreme Court Comm. on Professional Conduct*, 295 Ark. 141, 747 S.W.2d 94 (1988) [case number 87-272]. We affirm.

On February 22, 1989, the Arkansas Supreme Court Committee on Professional Conduct, (the Committee), entered an order suspending the law license of Sam Sexton, Jr., for a period of twelve months. The Committee stayed the effect of its action pending an appeal to this court. On July 10, 1989, this court affirmed the action of the Committee. *Sexton* v. *Supreme Court Committee on Professional Conduct*, 299 Ark. 439, 774 S.W.2d 114 (1989). A petition for rehearing was denied and on September 11, 1989, this court issued a mandate which stated in its entirety:

> Appellant's motion for stay of mandate is granted for 90 days pending appeal to U.S. Supreme Court.

On January 8, 1990, the Committee received a copy of Mr. Sexton's petition for writ of certiorari to the United States Supreme Court and the Committee filed a response on March 8, 1990. On April 2, 1990, the United States Supreme Court informed all parties of its decision to deny certiorari. Upon receipt of the notification of the denial of certiorari, this court issued a mandate on April 6, 1990. That mandate was an expression of affirmed law in case number 89-73. The appeal to the United States Supreme Court having been completed, the April 6 mandate was issued as the final expression of this court affirming the Committee's twelve-month suspension of Mr. Sexton.

In addition to receiving notice from this court of our mandate of April 6, 1990, Mr. Sexton, on April 30, 1990, received notice from the Committee of the April 6 mandate. Accompanying this notice from the Committee was a request that he comply with Rule 11 of the Rules of the Court Regulating Professional Conduct of Attorneys. Rule 11 specifies the procedure which a disbarred or suspended attorney must follow when withdrawing from the practice of law. Mr. Sexton informed the Committee of his compliance with Rule 11 on May 3, 1990.

On September 6, 1990, Mr. Sexton filed with the Committee a petition for reinstatement. On November 2, 1990, the Commit-

tee advised Mr. Sexton that it had refused to consider his petition because it was "filed untimely."

On this appeal, Mr. Sexton claims his petition for reinstatement was timely filed on September 6, 1990, in that his suspension terminated on December 11, 1989. The thrust of Mr. Sexton's argument is that the mandate of this court dated September 11, 1989, became effective automatically 90 days later on December 11, 1989, and that his one year suspension ended automatically on December 11, 1990.

It is interesting to note that Mr. Sexton does not assert he relied on the December 1989 date to his detriment and accordingly ceased his practice that date. Mr. Sexton did nothing to notify the Committee of his withdrawal from the practice of law. It was not until May 3, 1990, following our April 6, 1990 mandate and a written request by the Committee for compliance with Rule 11, that Mr. Sexton indicated he was no longer practicing and had complied with Rule 11.

We think it is clear that our September 11, 1989 stay of mandate did not terminate until Mr. Sexton's appeal to the United States Supreme Court was completed. The conduct of the parties involved in this appeal so indicates. Mr. Sexton did not comply with the Rule 11 procedures for withdrawal from the practice of law until the writ of certiorari was denied. Had the Committee interpreted the September 11, 1989 stay as terminating on December 11, 1989, rather than on the completion of the appeal to the United States Supreme Court, it could have notified Mr. Sexton of his failure to comply with Rule 11 and initiated contempt proceedings against him. *See* Rule 11(9). Instead, the Committee, like Mr. Sexton, did nothing until the appeal to the United States Supreme Court was completed.

■ We find that Mr. Sexton will be eligible for reinstatement to the practice of law on April 6, 1991. This is exactly one year from the date of the issuance of our April 6, 1990 mandate which Mr. Sexton never challenged. The April 6,1990 mandate was the last expression by this court.

■ Finally, we point out that we will not consider Mr. Sexton's due process claim with respect to Rule 7(E) of the Procedures of the Arkansas Supreme Court Regulating Profes-

sional Conduct of Attorneys at Law, 303 Ark. 725, 792 S.W.2d 323 (1990). Mr. Sexton's suspension has not yet terminated; his claim that Rule 7(E) could effectively extend his suspension is therefore not ripe for consideration.

Affirmed.