G.B. COLVIN III *v.* COMMITTEE ON PROFESSIONAL CONDUCT

90-184                               806 S.W.2d 385

Supreme Court of Arkansas
Opinion delivered April 15, 1991

*Compton, Prewett, Thomas and Hickey*, by: *Robert C. Compton*, for appellant.

*Hoover, Jacobs and Storey*, by: *Lawrence J. Brady*, for appellee.

PER CURIAM. This appeal is brought from a decision of the Arkansas Supreme Court Committee on Professional Conduct, suspending for one year the attorney's license of appellant, G.B. Colvin, III, a member of the Arkansas Bar. The committee determined that Colvin was guilty of violating Rules 1.3 and 1.4 of the Model Rules of Professional Conduct[1] (Rules) upon the complaint of Tony Reginelli, Jr. Mr. Reginelli complained to the committee based on Colvin's handling of a suit for damages arising from injuries sustained when Reginelli was struck by a crop-dusting plane. Mr. Reginelli alleged that his lawsuit was dismissed with prejudice due to Colvin's failure to respond to requests for admissions and interrogatories within the time

---

[1] Rule 1.3 provides, "[a] lawyer shall act with reasonable diligence in representing a client."

Rule 1.4 provides, "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

allowed by order of the Chicot County Circuit Court.

Colvin raises several points on appeal. He contends he was deprived of due process in violation of the Fourteenth Amendment of the United States Constitution, that the sanction was too harsh in light of established precedent and the evidence presented to the committee, that the sanction has a chilling effect upon the constitutional rights of indigent criminal defendants and that Colvin should be authorized to continue to serve as deputy prosecuting attorney.

■ Colvin submits he was deprived of due process by the failure of the committee to give him adequate notice regarding the proceeding against him. We find a flaw in the procedure the committee followed that leads us to conclude that the due process, to which each practitioner is entitled, was not fully accorded.

The committee notified Colvin that his actions appeared to violate certain rules, but it was not until the committee's final decision was rendered that a violation of Rule 1.4 was raised. Since no notice of the charge of Rule 1.4 was given in advance of the committee's proceedings, the finding of a violation of that rule cannot be sustained. *Walker* v. *Supreme Court Committee on Professional Conduct*, 275 Ark. 158, 628 S.W.2d 552 (1982).

■ In *Walker, supra*, this court found that the committee failed to give appellant notice of a specific rule that he was subsequently charged with violating before the committee's proceeding, so we vacated that particular finding; nevertheless, we left the other findings of the committee undisturbed. That would not be appropriate here. In this case, we have only five ballots in the record to substantiate the committee's vote, however, by affidavit the committee maintains that the outstanding votes of two committee members were acted upon in a subsequent meeting and both were votes to suspend Colvin. The five ballots in the record consist of three votes in favor of a reprimand and two in favor of suspension. So we know the committee was divided as to what sanction to impose, at least in the first juncture of its decision-making process. Also, on appeal Colvin questions the harshness of his sanction for a violation of Rules 1.3 *and* 1.4, in light of other sanctions imposed by the committee. Hence, we think the situation is different from that in *Walker*, and we remand the cause to the committee to reconsider

the facts and determine the appropriate sanction for a violation of Rule 1.3 only. We do not need to address appellant's remaining points.

Reversed and remanded.

DUDLEY and NEWBERN, JJ., dissent.

BROWN, J., not participating.

ROBERT H. DUDLEY, Justice, dissenting. This case is identical to the case of *Walker* v. *Supreme Court Committee on Professional Conduct*, 275 Ark. 158, 628 S.W.2d 552 (1982). Even so, the majority opinion does not follow the precedent set in *Walker*. Therefore, I dissent.

In *Walker, supra*, the Committee on Professional Conduct gave the attorney involved notice that he was charged with violating Disciplinary Rule 6-101(a)(3). After a hearing, the committee found that the attorney's action had violated DR-6-101(a)(3), as well as DR-6-102(a), and imposed a sanction. On appeal, this court held that the attorney could not be found guilty of violating DR-6-102(a) since he had not been charged with violating that rule. However, we held there was substantial evidence to support the finding of a violation of DR-6-101(a)(3), and affirmed the sanction because it was within the range of authorized sanctions for violation of DR-6-101(a)(3).

In this case the attorney was charged with violating Rule 1.3 of the Model Rules of Professional Conduct. After a hearing the committee found that his action violated not only Rule 1.3, but Rule 1.4 as well, and imposed a sanction. On appeal, the majority holds that the attorney could not be found guilty of violating Rule 1.4 since he had not been charged with violating that rule. However, for some unexplained reason, the majority opinion does not then go ahead and decide whether there was substantial evidence to support the finding of a violation of Rule 1.3, and the concurrent imposition of a sanction. Instead, in a proceeding which appears to be wholly without precedent, the majority neither affirms nor reverses the finding of a violation of Rule 1.3, but, instead remands "the cause to the committee to *reconsider the facts* and determine the appropriate sanction. . . ." The majority opinion simply does not decide the case.

Some of the many questions raised by such a holding are: Since the previous finding has not been reversed, is it now the law of the case? What about judicial economy, and our oft-expressed desire to end litigation? Do we want piecemeal litigation? Why not follow the standard appellate procedure and either affirm or reverse the finding? Why not follow the precedent of the *Walker* case?

Any reader of the majority opinion can read between the lines and see that the unprecedented procedure has been created because the members of the majority think the sanction imposed was too severe. In fact, at the oral argument of this case counsel for the attorney involved asked us to reduce the sanction to a reprimand. (A request which constitutes a tacit admission that there is substantial evidence of a violation.) In his brief, appellant goes so far as to ask that any suspension be only from the civil practice of law; not the criminal practice. Obviously, a majority of the members of this court were impressed with the arguments and think that the sanction was too severe. Yet, the level, or degree, of the sanction is not valid reason for the remand since the sanction was within the range provided for violation of Rule 1.3. See Rules of Professional Conduct 7. This is not a trial court. It is an appellate court. We are not supposed to set penalties. We are not supposed to remand without decision. We are supposed to affirm or reverse. I would follow our established procedure as set out in *Walker, supra*, and affirm the finding and sanction. Accordingly, I dissent.

NEWBERN, J., joins in this dissent.