## Marion Douglas WOOD, Jr. *v.* SUPREME COURT COMMITTEE on PROFESSIONAL CONDUCT

00-1127                                         38 S.W.3d 310

Supreme Court of Arkansas
Opinion delivered February 15, 2001

*Appellant,* pro se.

*Lynn Williams,* Staff Attorney, for appellee.

JIM HANNAH, Justice. Attorney Marion Douglas Wood appeals the Committee on Professional Conduct's denial of his motion for reconsideration of his request that the Committee lift its interim suspension of his license to practice law. Thus, his asserted appeal is derivative of the imposition of interim suspension. Under the applicable Procedures Regulating Professional Conduct, interim suspension is initiated, adjudicated, and imposed upon presentation of a file-marked judgment of conviction of a felony to the Committee on Professional Conduct. The Rules do not provide for appeal from this action by the Committee. Therefore, Wood's appeal is dismissed without prejudice.

*Facts*

On November 12, 1999, a judgment on ten felony counts was entered in federal district court in Louisiana against attorney Wood for conspiracy and mail fraud. He was sentenced to 228 months. He was also ordered to make restitution in an amount approaching

$1,500,000. Wood has appealed and is presently free on bond pending his appeal.

Upon receipt and review of the judgment on the felony convictions, the Supreme Court Committee on Professional Conduct placed Wood on interim suspension pursuant to the Procedures Regulating Professional Conduct, Section 7E(3)(b), and under the procedure set out in Section 8B(1)(b). An order imposing interim suspension was filed with the clerk of this court on December 27, 1999. Wood then filed a Request for Dissolution of Interim Suspension and Affidavit in Rebuttal with the Committee on Professional Conduct on January 7, 2000, pursuant to Section 8B(2). That request was considered and denied by the Committee. Notice of the denial was given to Wood by a letter from the Committee dated January 13, 2000. This letter also notified Wood that disbarment proceedings would be commenced in circuit court.

On March 10, 2000, Wood filed an action in circuit court seeking dissolution of the interim suspension. The Committee filed a motion to dismiss, alleging a lack of standing. Wood filed a dismissal under Ark. R. Civ. P. 41, and then filed a motion for reconsideration and reinstatement with the Committee on April 28, 2000, which was denied by an order filed with the Clerk of the Supreme Court on July 17, 2000. Appeal was taken from this order by a notice filed with the Committee on August 15, 2000.

### Procedures Regulating Professional Conduct

■ The procedure to be followed in this matter is set out in the Procedures Regulating Professional Conduct. Although this court has characterized the process undertaken by the Committee as in the nature of administrative proceedings, the Committee is an administrative agency of the court and the rules for such proceedings are promulgated by this court. *Walker v. Sup. Ct. Comm. on Prof. Conduct*, 275 Ark. 158, 628 S.W.2d 552 (1982). The Administrative Procedure Act, Ark. Code Ann.§§ 25-15-201 — 25-15-214, is thus inapplicable.

■ In this case, we are required to interpret our Procedures Regulating Professional Conduct. Courts construe their own rules using the same means as are used to construe statutes. *Gannett River Pub. Co. v. Arkansas Dis. & Disab. Comm'n*, 304 Ark. 244, 801 S.W.2d 292 (1990). The fundamental principle used in considering

the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning. *Boston v. State*, 331 Ark. 99, 952 S.W.2d 671 (1997); *Rush v. State*, 324 Ark. 147, 919 S.W.2d 933 (1996); *Munson v. State*, 331 Ark. 41, 959 S.W.2d 391 (1998).

## Interim Suspension

■ At issue is interim suspension under Section 7E(3)(b), which has not been addressed by this court previously. Interim suspension may be imposed by the Committee immediately upon conviction of a felony, notwithstanding pending postconviction action by the attorney. Section 7E(3)(b). Consistent with this provision, this court has stated that under the Procedures, conviction of a felony constitutes grounds for automatic suspension pending an automatic referral for disbarment. *Cambiano v. Neal*, 342 Ark. 691, 703, 35 S.W.3d 792, 799 (2000).

There is a right to appeal for some actions taken by the Committee. Section 5A of the Procedures provides for investigation and adjudication of violations of the Model Rules. When such a violation is investigated and adjudicated by the Committee, there is a right to a public hearing as set out in Section 5J, and once an action is taken by the Committee, there is a right to an appeal as set out under Section 5L. However, Section 5 is not applicable to interim suspension.

■ Section 8B(1)(b) specifically provides the procedure for interim suspension in this case and states in pertinent part:

> An action for interim suspension...is initiated, adjudicated and imposed...[p]ursuant to Section 7E(3)(b)...upon presentation to the Committee of a file marked copy of a judgment of a court of proper jurisdiction reflecting that the attorney has been convicted of...a felony.

Thus, upon presentation of a judgment of conviction, there is no right to a public hearing, and the Section 5 right to an appeal is not applicable. Rather, Section 8 provides interim suspension may be imposed upon presentation of the file-marked copy of the judgment.

■ Interim suspension provides a means to preclude an attorney from practice while further action is undertaken by the Com-

mittee. It is a temporary action and is not afforded the same protections as permanent actions. The purpose of interim suspension under Section 7E(3)(b) is made clear by the use of "interim," meaning the suspension is imposed while disbarment proceedings are initiated under Section 6B. As this court noted in *Cambiano,* conviction of a felony constitutes grounds for automatic suspension pending an automatic referral for disbarment.

■ Interim suspension was properly imposed in this case. An order of the Committee was filed with the clerk of this court on December 27, 1999, which provided that interim suspension was imposed immediately against attorney Wood based upon presentation of a file-marked copy of a judgment of conviction of a felony pursuant to the above-noted sections of the Procedures Regulating Professional Conduct. The order also stated the Committee was directing that disbarment proceedings be commenced pursuant to Section 6B(1).

Upon imposition of the sanction of interim suspension, Wood had the right to file an affidavit in rebuttal and request for dissolution or modification of the interim suspension. Section 8B(2). Wood availed himself of this; however, his request was denied by a letter of the Committee dated January 13, 2000.

■ Imposition of interim suspension pursuant to Section 7E(3)(b), under the procedure set out in Section 8B(1)(b), is not subject to appeal.

Appeal dismissed without prejudice.